# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

United States of America
v.

Johnny Roman Garza

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 20-03024MJ

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established: *(Check one or both, as applicable.)*

☒ by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☐ by a preponderance of the evidence the defendant is a flight risk and require the detention of the defendant pending trial in this case.

### PART I -- FINDINGS OF FACT

☐     (1)     There is probable cause to believe that the defendant has committed
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq, or 46 U.S.C. App. § 1901 et seq.
- ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).
- ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.
- ☐ an offense involving a minor victim prescribed in .[1]

☐     (2)     The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☐     (1)     There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☒     (2)     No condition or combination of conditions will reasonably assure the safety of others and the community.

☐     (3)     There is a serious risk that the defendant will obstruct or attempt to obstruct justice; or threaten, injure, or intimidate a prospective witness or juror.

---

[1]Insert as applicable: Title 18, § 1201 (kidnapping), § 1591 (sex trafficking), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), §2244(a)(1) (abusive sexual contact), § 2245 (offenses resulting in death), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 et seq. (certain activities relating to material involving sexual exploitation of minors), § 2252A et seq. (certain activities relating to material constituting or containing child pornography), § 2260 (production of sexually explicit depictions of minors for importation into the U.S.), § 2421 (transportation for prostitution or a criminal sexual activity offense), § 2422 (coercion or enticement for a criminal sexual activity), § 2423 (transportation of minors with intent to engage in criminal sexual activity), § 2425 (use of interstate facilities to transmit information about a minor).

## PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check one or both, as applicable.)*

☒     (1)    I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence as to danger.

☐     (2)    I find by a preponderance of the evidence as to risk of flight that:

       ☐    The defendant has no significant contacts in the District of Arizona.

       ☐    The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

       ☐    The defendant has a prior criminal history.

       ☐    There is a record of prior failure to appear in court as ordered.

       ☐    The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

       ☐    The defendant is facing a minimum mandatory of incarceration and a maximum of .

☐    The defendant does not dispute the information contained in the Pretrial Services Report, except:

☒    In addition:
<u>The Court finds that the government has established by clear and convincing evidence that Defendant is a danger for which no conditions will reasonably secure the safety of the community. The nature and circumstances of the offense favor detention. The conspiracy involved in the planned, intentional terrorizing of several individuals at their homes. Defendant was actively involved in the planning and personally placed a threatening paper on a victim's home. The paper showed the picture of a skeleton holding a Molotov cocktail. The paper had the intended effect. Four separate letters recommending detention were received by the Court from victims. The weight of the evidence, the least important factor, also favors detention based upon the documented evidence and Defendant's statements. Defendant's history and characteristics favor release. Defendant is 20 years old and a lifelong Arizona resident. He has strong family support and no foreign travel. 10 family members and friends were in court to support Defendant's release. Defendant is a daily marijuana user who declined a drug test. He is recently unemployed. Defendant has never been arrested before. Defendant's counsel stated that days prior to his arrest, Defendant signed up for Fall 2020 classes at a local college. The final factor, the nature of the danger to the community if Defendant were released, favors detention. Defendant was involved in the planning and execution of a plot to terrorize others. Although no firearms or destructive devices were connected to Defendant, his active participation in a plan to threaten others is a significant concern. (Defendant's counsel advised that Defendant notified co-conspirators that he intended to reduce or eliminate his involvement in the group. The government did not have evidence on this point.) Defendant admitted depression and</u>

<u>anxiety issues. and past suicidal thoughts. (Defendant's mother advised she was unaware of any mental health issues.) Defendant's counsel advised that Defendant would be well suited to a mental health examination and potential treatment. The Court agrees that Defendant current mental health condition is a serious concern that contributes to Defendant's risk to the community. The Court notes that even under the lower standard of preponderance of the evidence, the government has not demonstrated Defendant is a flight risk for which no conditions would reasonably secure his future appearance in Court. Defendant is a low risk to flee the country, he has family support, and he has no criminal history. In sum, the Court's primary concern is the nature of the danger that Defendant presents to the community if he were released. Based upon all of the Bail Reform factors Defendant shall be detained as a danger.</u>

The Court incorporates by reference the findings in the Pretrial Services Report which were reviewed by the Court at the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Judge. Pursuant to Rule 59, FED.R.CRIM.P., Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the District Court. Failure to timely file objections may waive the right to review. *See* Rule 59, FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Judge to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Dated this 2nd day of March, 2020.

Honorable John Z. Boyle
United States Magistrate Judge