

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>vs.<br>**JOHNNY ROMAN GARZA** | **APPEARANCE BOND**<br>CASE No: CR20-032 JCC |

I understand that I may be released from custody, pending further proceedings in this case, on the conditions marked below:

- **Court Appearances**. I must appear in court at the *United States Courthouse, 700 Stewart Street, Seattle, Washington*; *Courtroom 16206*, on Monday, April 27, 2020 at 9:30 AM and at all other hearings in this case, including turning myself in to begin serving a sentence, should that occasion arise. **I UNDERSTAND THAT A WILLFUL FAILURE TO APPEAR IN COURT AT A TIME SET FOR HEARING IS A SEPARATE CRIMINAL OFFENSE, PUNISHABLE BY UP TO 10 YEARS IMPRISONMENT AND A FINE OF $250,000.**
- **No Law Violations.** I must not commit a federal, state, or local crime during the period of release. I understand that if I commit a felony while on release, my sentence can be increased by a maximum of ten years. If I commit a misdemeanor while on release, my sentence can be increased by a maximum of one year. These sentences would be consecutive to all other applicable sentences.
- **DNA Testing.** I must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
- **No Controlled Substances.** I must not use, consume or possess any controlled substances, including medication, unless prescribed by a physician and approved in advance by the Pretrial Services Officer.
- **Address.** I must furnish my attorney, and/or Pretrial Services if supervised, with my current address and telephone number (if any) where I will reside upon release and where I will receive any notices of hearing dates. I must report any changes in that address or telephone number to my attorney, and/or Pretrial Services if supervised, within one business day.
- **Restrictions on Travel.** I must not travel outside the Continental United States or as directed by Pretrial Services
- **Victim and Witness Protection.** I must not harass, threaten, intimidate, tamper with, improperly influence, or injure the person or property of witnesses, jurors, informants, victims of crime, judicial officers, or other persons related to official proceedings before the Court, in violation of 18 U.S.C. § 1503, 1512, and 1513.
- **Pretrial Supervision.** I am subject to Pretrial Services supervision by the Pretrial Services Office of the Court and must abide by such of the general and special conditions of release as that office shall impose. I must report to the Office of Pretrial Services, (206) 370-8950, United States Courthouse, 700 Stewart Street, Seattle, Washington within 24 hours of my release unless released during a weekend or on a holiday in which case I must report at 9:00 a.m. the following court day.

**OTHER SPECIAL CONDITIONS:**
- Submit to drug and alcohol testing, to include urinalysis, breathalyzer, or hand-held testing devices, as directed by Pretrial Services. You shall not use, consume, or possess alcohol, any product containing alcohol, or other intoxicants, including medication, unless prescribed to you by a physician and under the direction of Pretrial Services. Obtain an alcohol/substance abuse evaluation and follow any treatment recommendations as directed by Pretrial Services. You shall participate as directed in a program approved by the probation and pretrial services office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol.
- Travel is restricted to Western District of Washington and Maricopa County and Pinal County within the District of Arizona, or as directed by Pretrial Services.
- The defendant shall participate in the location monitoring program with Global Positioning Satellite technology via mobile application. The defendant is restricted to his/her residence at all times except for employment, religious services, medical, legal reasons, or as otherwise approved by the location monitoring specialist. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist. **The location monitoring specialist will coordinate the defendant's release with the U.S. Marshals.**
- Surrender all current and expired passports and travel documents to the court. Do not apply for/obtain a new passport or travel document from any country without permission of the court. If the surrendered passport is a foreign passport, it shall be forwarded to Immigration and Customs Enforcement if defendant is convicted of an offense, unless otherwise ordered by the Court.
- You are prohibited from possessing or having access to firearms and dangerous weapons. All firearms and dangerous weapons must be removed from your residence(s), vehicle(s), and place of employment. This condition operates in conjunction with any restrictions imposed under Title 18, USC 922, and the Washington State Revised Code, Chapter 9.41.
- Undergo a mental health, psychiatric or psychological evaluation and follow all treatment recommendations in that evaluation, as directed by Pretrial Services. You shall take all medications as prescribed.
- You must contribute towards the costs of the services required by this bond, to the extent you are financially able to do so, as determined by Pretrial Services.
- You shall not have direct contact or indirect contact with any existing and/or future co-defendant(s) in this case.
- You shall not have direct contact or indirect contact with any existing and/or future witnesses in this case.
- The defendant shall comply with the requirements of the U.S. Probation and Pretrial Services Computer Monitoring Program as directed. The defendant shall consent to the U.S. Probation and Pretrial Services Office conducting ongoing monitoring of his/her

- computer(s), hardware, and software, and any/and all electronic devices/media.
  The monitoring will include the installation, at the defendant's expense, of hardware or software systems that allow evaluation of his/her computer use. Monitoring may also include the retrieval and copying of all data from his/her computer(s) or any/and all other electronic devices/media. The defendant may be subject to quarterly polygraph testing at his/her expense, solely to ensure compliance with the requirements of the monitoring program. The defendant hereby consents to U.S. Probation and Pretrial Services' use of electronic detection devices to evaluate the defendant's access to Wi-Fi (wireless fidelity) connections.
- Release on third-party custody to: Stacey Ehrig
- During the detention hearing, conducted by video/telephone during the COVID-19 Health Emergency, defendant orally agreed to be bound by the terms of the bond. A copy of this executed document shall be provided to the defendant at the hearing's conclusion via US Marshal.

**AGREEMENT BY DEFENDANT:** I understand and agree to comply with every condition marked above, and I understand that if I fail to comply with any conditions of my release, the Court will immediately issue a warrant for my arrest, and I will be subject to a revocation of release, an order of detention, and prosecution for contempt of court. I understand this appearance bond remains in effect during any proceeding on appeal or review.

| X /s Seth Apfel for Johnny Garza | April 3, 2020 | QUEEN CREEK, AZ |
|---|---|---|
| Signature | Date Signed | City, State of Residence |

## ORDER OF RELEASE

It is therefore ORDERED:
(1) Defendant shall comply with all conditions of this appearance Bond;
(2) Defendant shall be released from custody, and shall remain at liberty so long as he or she complies with the provisions of this Appearance Bond, or until further order of the Court.

April 3, 2020
Date Signed

Brian A. Tsuchida
UNITED STATES CHIEF MAGISTRATE JUDGE

cc: Defendant, Defense Counsel, U.S. Attorney, U.S. Marshal, Pretrial Services