The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY GARZA,<br><br>Defendant. | No. CR20-032JCC<br><br>**RESPONSE TO DEFENDANT'S MOTION TO PROCEED WITH GUILTY PLEA HEARING BY TELECONFERENCE** |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, respectfully submits this response to the defendant's motion to proceed with a guilty plea hearing by teleconference.

## I. BACKGROUND

The defendant is currently charged with multiple crimes stemming from his involvement in a scheme to mail and/or deliver threatening posters to journalists and advocates, particularly Jews and other minorities. The parties have reached a tentative agreement to resolve the case. Garza is expected to plead guilty to Count 1 of the Superseding Indictment, which charges him with Conspiracy, in violation of Title 18, United States Code, Section 371. Under the agreement, the parties will be free to recommend any sentence.

Response to Defendant's Motion to Proceed with
Guilty Plea by Teleconference
*United States v. Garza*; CR20-032JCC - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By successive general orders of the Court, the Seattle courthouse currently is closed.   The defendant now asks this Court to set a hearing—which all parties would attend remotely—so that he can enter plea of guilty.

## II.    APPLICABLE LAW

The Federal Rules of Criminal Procedure make no provision for a defendant to enter a guilty plea except while present in open court.  Although some of the rules permit certain hearings to take place by video teleconferencing, entry of a guilty plea to a felony offense is not among them. *See* Fed. R. Crim. P. 5(f) (permitting initial appearance by video if the defendant consents); Fed. R. Crim. P. 10(c) (permitting arraignment by video if the defendant consents); Fed. R. Crim. P. 43 (permitting, *inter alia*, arraignment, plea, trial, and sentencing by video in misdemeanor cases if the defendant consents).  Further, Rule 11 requires the court accepting the defendant's guilty plea to personally address the defendant in open court. Fed. R. Crim. P. 11(b)(1), (2).

In light of the COVID-19 pandemic and public health crisis, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  That statute provides that certain criminal proceedings may occur by video teleconferencing during the coronavirus national emergency. CARES Act, § 15002.   Specifically, the legislation permits a guilty plea in a felony case to be entered via video teleconference if a number of conditions are met.

First, the Judicial Conference of the United States must find that the coronavirus emergency will materially affect the functioning of the federal courts generally or a particular court.  CARES Act, § 15002(b)(2)(A).  It has done so.  *See* "Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic," Administrative Office of the United States Courts (published March 31, 2020).[1]

Second, the chief district judge of the affected district must specifically find that "felony pleas under Rule 11 of the Federal Rules of Criminal Procedure . . . cannot be

---

[1] This material is available at https://www.uscourts.gov/news/
2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic.

Response to Defendant's Motion to Proceed with
Guilty Plea by Teleconference
*United States v. Garza*; CR20-032JCC - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   conducted in person without seriously jeopardizing public health and safety." CARES
2   Act, § 15002(b)(2)(A).  Chief Judge Martinez has done so.  GO 09-20 (June 25, 2020).
3        Third, the district judge in the particular case must find "for specific reasons that
4   the plea . . . in that case cannot be further delayed without serious harm to the interests of
5   justice."  CARES Act, § 15002(b)(2)(A); *see also* GO 04-20.  In his motion, the
6   defendant mentioned the risk of flying from Arizona, where a significant number of cases
7   exist, to Seattle.  The defendant also mentioned wanting to avoid a series of continuances,
8   given the travel risk is likely to persist even after the courthouse reopens.  In addition,
9   defense counsel shared with the government two additional concerns:

10       Mr. Garza would like to resolve his case as soon as possible, as he wants to
11       move on with his life and take classes, and continue to learn from his
         mistakes.
12
13       Mr. Garza's current conditions of release make it very difficult for him to
         move past this case and do the things he would like to do to make up for his
14       actions, so he would like to resolve his case as soon as possible, while still
         taking precautions due to the pandemic, so he can be a positive influence
15       going forward.
16
17       These grounds are adequate for the Court to conclude that delaying entry of his
18   plea would result in the requisite "serious harm to the interests of justice" under the
19   CARES Act.
20       Finally, conducting a hearing by video teleconferencing "may only take place with
21   the consent of the defendant."  CARES Act, § 15002(b)(4); *see also* GO 04-20.  That
22   consent should be articulated on the record, although it need not be in writing. GO 04-20.
23   It appears that the defendant will consent.
24       In addition to proceeding by video teleconference, entry of a guilty plea by
25   telephone conference instead is also authorized if an additional criterion is met: "video
26   teleconferencing is not reasonably available." CARES Act, § 15002(b)(2)(A).  Video
27   teleconferencing is available in this court, and has been successfully used for a number of
28   hearings over the last couple of months.  The defendant can attend via video (using the

Response to Defendant's Motion to Proceed with
Guilty Plea by Teleconference
*United States v. Garza*; CR20-032JCC - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  WebEx platform) at the same time as his attorney.  A separate line can be established to

2  allow the defendant and his attorney to confer during the hearing.

3  ### III.   CONCLUSION

4        If this Court finds that delaying entry of the defendant's guilty plea in this case

5  cannot be further delayed without serious harm to the interests of justice, the government

6  respectfully requests that the Court make a record of that finding, either in writing if the

7  matter is referred to a magistrate judge for entry of the plea, or orally during the hearing

8  if this Court intends to take the plea.  The government also respectfully requests that, at

9  the beginning of the plea hearing, the judicial officer personally address the defendant to

10  confirm that the remote hearing is held with his consent.  Finally, because video

11  teleconferencing is available in this district, the government requests that any such

12  hearing occur by video instead of only by telephone.

13        Dated this 18th day of August, 2020.

14                                Respectfully submitted,

15

16                                BRIAN T. MORAN
                              United States Attorney

17                                *s/ Thomas M. Woods*

18                                THOMAS M. WOODS

19                                Assistant United States Attorney
                              700 Stewart Street, Suite 5220

20                                Seattle, WA 98101-1271

21                                Telephone: (206) 553-7970
                              E-Mail: Thomas.Woods2@usdoj.gov

22

23

24

25

26

27

28

Response to Defendant's Motion to Proceed with
Guilty Plea by Teleconference
*United States v. Garza*; CR20-032JCC - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on August 18, 2020, I electronically filed the foregoing with

3  the Clerk of the Court using the CM/ECF system which will send notification of such

4  filing to the attorneys of record for the defendant.

5

6                                    *s/ Courtney Goertzen*

7                                    COURTNEY GOERTZEN
                                     Paralegal Specialist
8                                    United States Attorney's Office
                                     700 Stewart Street, Suite 5220
9                                    Seattle, Washington 98101-1271
                                     Phone: (206) 553-7970
10                                   E-mail: Courtney.Goertzen@usdoj.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Response to Defendant's Motion to Proceed with
Guilty Plea by Teleconference
*United States v. Garza*; CR20-032JCC - 5